

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 18, 1962

Honorable William Hunter
District Attorney
69th Judicial District
Dalhart, Texas

Dear Mr. Hunter:

Opinion No. WW- 1391

Re: Whether each of three executors of a decedent's estate is entitled to compensation under Article 241 of the Probate Code for sums of money paid out by them under the two stated fact situations.

     You have requested the opinion of this office as to whether each of three executors of a decedent's estate is entitled to compensation under Article 241 of the Probate Code for sums they have paid out in cash for the following:

1. When money is paid to one of the executors who is employed by the estate as a clerk in a store operated by the estate.

2. Payment of attorneys' fees for administration to a partnership when one of the executors is a member of such partnership.

Supplemental information was received, to the effect that the executor who engaged in the operation of the store actually acted as the manager thereof.

     Article 241 of the Probate Code reads as follows:

     "(a) Compensation of Executors and Administrators. Executors and administrators shall be entitled to receive, and may retain in their hands, a commission of five per cent (5%) on all sums they may actually receive in cash, and the same per cent on all sums they may actually pay out in cash, in the administration of the estate; provided, no commission shall be allowed for receiving cash belonging to the testator or intestate which was on hand or on deposit to his credit in a bank at the time of his death, nor for paying out cash to the heirs or legatees as such; provided, further, however, that in no event shall the executor or administrator be entitled in the aggregate to more than five per cent (5%) of the gross fair market value of the estate

subject to administration. If the executor or administrator manages a farm, ranch, factory, or other business of the estate, or if the compensation as calculated above is unreasonably low, the court may allow him reasonable compensation for his services. For this purpose, the county court shall have jurisdiction to receive, consider, and act on applications from independent executors."

As regards the executor who dealt with the store, the plain language of the statute must control. The statute says, "If the executor or administrator manages a farm, ranch, factory, or other business of the estate, or if the compensation as calculated above is unreasonably low, the court may allow him reasonable compensation for his services." This "reasonable compensation" allowable by the court is in addition to any commission that would be payable to the executor for his activities as executor in administering the estate.

With respect to the executor who is a member of a partnership which was retained by the three executors to handle the legal aspects of the estate administration, the problem is considerably more difficult. Apparently, only one case in Texas has dealt with the matter of an estate paying the legal fees of an executor who has retained himself (or his law firm). Neblett v. Butler, 162 S.W.2d 458 (Civ.App. 1942, error ref., w.o.m.). This case dealt with the propriety of attorney's fees and, in obiter dicta, compared the two positions regarding compensation of an executor who has also performed legal services for an estate. The court in Neblett felt that there is no compelling reason for refusing to compensate such an executor, and would have held in favor of paying him his attorney's fees, had such a ruling been germane to the problem before them. It must be noted that the position taken by the Galveston Court of Civil Appeals is a minority one, having been adopted completely by only four other states (Alabama, New Jersey, Pennsylvania and Tennessee). 65 ALR 2d 811, 815. Nevertheless, the expression made is the only court decision we have to serve as a guide, although it can be considered as no more.

If we assume that the Texas courts will approve of an executor retaining himself or his law firm to perform the legal work connected with the estate, then we are forced to the conclusion that the executor would be entitled to have such fees included within the amount upon which his statutory commission is computed. Article 241 of the Probate Code cannot be construed as forbidding even such a commission as this. It should be noted that in Opinion No. 182 (1958), the Committee on Professional Ethics of the State Bar of Texas held that it was proper for an attorney to act

as independent executor of a will, handle the administration thereof, and charge a reasonable attorney's fee therefor. Nothing was said in that opinion regarding the propriety of also accepting the statutory commission normally due an executor. Therefore, we are constrained to hold that, until such time as the statements made in Neblett are held not to be the law in Texas, an attorney-executor may retain himself or his law firm, pay the legal fees out of the estate (so long as the reasonableness thereof is upheld by the probate court), and then have such fees included within the amount upon which his statutory commission is computed.

## SUMMARY

Under Article 241 of the Probate Code, an executor who manages a store belonging to an estate is entitled to a reasonable compensation, to be set by the court, and should receive a commission on funds received or paid out in connection with the store.

An executor who has retained himself or his law firm to handle the administration of the estate is entitled to have the legal fees paid to such firm included within the amount upon which the said executor's statutory commission is computed.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
Malcolm L. Quick
Assistant Attorney General

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

F. R. Booth
Scranton Jones
Bill Allen

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore